**LITTON SYSTEMS, INC., et al., Plaintiffs,**

v.

**LIPPMANN–MILWAUKEE, INC., et al., Defendants.**

No. 72–C–566.

United States District Court, E. D. Wisconsin.

Dec. 10, 1979.

See also, D.C., 481 F.Supp. 766.

Quarles & Brady by Thomas O. Kloehn, Gregory S. Pokrass, Milwaukee, Wis., for plaintiffs.

Denny & Yanisch by William A. Denny, Milwaukee, Wis., for Lippmann.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Scott W. Hansen, William R. Steinmetz, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on two motions of one of the defendants, Joseph M. Gabriel. The first motion seeks an order barring the plaintiff from arguing that the pendency of the instant litigation was the reason for its failure to use the name "Lippmann" subsequent to October 12, 1972. The second motion seeks return of all drawings, files and copies of documents which were the subject of this court's judgment entered on May 30, 1978. For reasons which follow, the first of these motions will be denied and the second will be granted.

### I. MOTION TO BAR "PENDING LITIGATION" CLAIM

The plaintiff alleges in its complaint that the defendants infringed its rights to exclusive use of the trademark and trade name "Lippmann" and "abbreviations thereof as applied to the quarry materials handling and processing equipment sold by the Lippmann business in the aggregate business." [Complaint ¶s 27, 29]. The defendants contend that the plaintiff abandoned use of the name "Lippmann" as of March 1, 1970.

In an order dated January 27, 1978, I granted the defendants' motion for summary judgment as to the plaintiff's trademark infringement claim, finding that the plaintiff had abandoned use of the name "Lippmann." In its order dated June 4, 1979, the court of appeals for this circuit vacated my order of January 27, ruling that summary judgment was inappropriate since certain factual issues had to be resolved in order to ascertain whether the plaintiff actually intended to abandon use of the name "Lippmann." Among the factual issues cited by the court of appeals was "[w]hether the pendency of litigation was in fact a consideration in Litton's failure to use the name." [Slip op. at 10].

■ Apparently, the plaintiff first raised the pending litigation argument in the court of appeals. Mr. Gabriel now argues that because the plaintiff raised the argument so late in the litigation the court should bar the plaintiff from using the argument at trial. Mr. Gabriel cites no statute, federal rule or case which would have required the plaintiff to raise the pending litigation argument sooner than it did. Accordingly, I would only be inclined to grant Mr. Gabriel's motion if he could demonstrate that some sort of undue prejudice had resulted from the timing of the plaintiff's argument.

To the contrary, I am persuaded that Mr. Gabriel has not been prejudiced by the timing of the plaintiff's argument. The court of appeals, in its decision of June 4, 1979, clearly contemplated that the pending litigation argument was an issue in this case. The trial of the trademark infringement claims is now scheduled for March 3, 1980. Discovery has been reopened and by stipulation remains available to the parties until January 31, 1980. Mr. Gabriel's attorney, in an affidavit dated September 21, 1979, indicated that a 60 day discovery period would be necessary with regard to the pending litigation claim. Since Mr. Gabriel has had and still has considerable time to conduct discovery regarding this claim, his motion to bar the plaintiff from raising it will be denied.

## II. MOTION FOR RETURN OF DRAWINGS, FILES AND COPIES

■ Prior to the entry of a judgment by this court in this case, Mr. Gabriel had in his possession Hewitt-Robins' files known as the pre-1960 customer files, some Hewitt-Robins manufacturing drawings left in the custody of the Lippmann defendants by the plaintiff, and a number of drawings copied from the Hewitt-Robins manufacturing drawings. In the judgment entered by this court on May 30, 1978, I ordered that as relief for the plaintiff's claim of promissory estoppel, the defendants return to the plaintiff the pre-1960 customer files and .the Hewitt-Robins manufacturing drawings.

and turn over to the court copies made from such drawings.

In its order dated June 4, 1979, the court of appeals reversed my judgment regarding the plaintiff's promissory estoppel claim and remanded the case for consideration of the plaintiff's other claims. Since the basis for the above-mentioned relief has been reversed, the defendants are entitled to have the files, drawings and copies returned to them pending further disposition of the plaintiff's claims. The plaintiff's contention to the contrary is essentially argument regarding the merits of this case which the court has not yet considered. Thus, the motion of Mr. Gabriel for return of the items specified above will be granted.

Therefore, IT IS ORDERED that the motion of Joseph M. Gabriel for an order barring the plaintiff from arguing that the pendency of the instant litigation was the reason for its failure to use the name "Lippmann" be and hereby is denied.

IT IS ALSO ORDERED that the motion of Joseph M. Gabriel for the return of files, documents and copies previously turned over to the plaintiff and the court be and hereby is granted.

IT IS FURTHER ORDERED that within twenty-one days of the date of this order the plaintiff return to Mr. Gabriel or his attorney the pre-1960 customer files and the Hewitt-Robins manufacturing drawings which were the subject of this court's judgment dated May 30, 1978.

IT IS FURTHER ORDERED that Mr. Gabriel or his attorney may pick up from this court's chambers the copies of drawings delivered to the court in conformance with its judgment dated May 30, 1978.